FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-664-BO

| | |
|---|---|
| DOUGLAS CARTER WEST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ORDER |
| MICHAEL J. ASTRUE,<br>*Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on December 19, 2012, at Elizabeth City, North Carolina. Just prior to the hearing, plaintiff filed a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff filed for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act on June 18, 2008. On June 11, 2008 plaintiff protectively filed for supplemental security income pursuant to Title XVI of the Social Security Act. In both applications plaintiff's alleged onset of disability was March 22, 2008. After his claims were denied initially and upon reconsideration, an Administrative Law Judge (ALJ) conducted a hearing, considered plaintiff's claims de novo, and issued a partially favorable decision on June 12, 2010. The ALJ found that plaintiff was disabled beginning May 22, 2008, and ending January 23, 2010, and that after that date plaintiff was capable of making a successful adjustment to work in jobs that exist in significant numbers in the national economy.

The decision of the ALJ became the decision of the Commissioner when the Appeals Council declined plaintiff's request for review on September 20, 2011. Plaintiff then timely filed the instant action, seeking either a reversal of the Commissioner's decision or a remand to the Commissioner for further consideration. Upon receipt of additional records, plaintiff filed a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g).

## DISCUSSION

Under sentence six of 42 U.S.C. § 405(g), this Court "may at any time order additional evidence to be taken before the Commissioner of Social Security" on a showing that there is new evidence which is material, and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Evidence is new if it is relevant to the determination of disability and is not cumulative or duplicative. *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983). Evidence is material if "there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Sec'y of Health & Human Svs.*, 953 F.2d 93, 96 (4th Cir. 1991). A sentence six remand is not a ruling on the correctness of the decision of the Commissioner, but rather permits the Commissioner to consider whether the new and material evidence might change the outcome of the prior proceeding. *Melknoyan v. Sullivan*, 501 U.S. 89, 98 (1991) (citation omitted).

Plaintiff's application for disability arises from a serious automobile accident that occurred on May 22, 2008. Plaintiff's right arm and hand were crushed and he sustained numerous fractures in addition to a closed head injury. Tr. 36. The ALJ found that plaintiff did not develop any neurological deficits related to his closed head injury. *Id.* The ALJ went on to find that plaintiff met Listing 1.07 from the date of his accident through January 22, 2010, due to the nonunion fracture of

2

his humerus that was undergoing continuing surgical management. Tr. 38.

A remand of this matter is appropriate as the evidence submitted by plaintiff is new and material and plaintiff has demonstrated good cause for not submitting it earlier. Plaintiff's evidence includes objective medical evidence, including MRI and videonystagmogram results, that reveal the effects of plaintiff's closed head injury. Plaintiff evidence also includes treatment notes and diagnostic impressions from specialists including a neurologist, psychiatrist, and a neuropsychologist, as well as vision, speech, and occupational therapists. Though these tests and treatments were performed after the date of the ALJ's decision, they are relevant to the ALJ's decision as they relate to the injuries sustained during the May 22, 2008, accident and may serve to establish the presence of neurological deficits which the ALJ specifically did not find in the record at the time of his decision. Nor are the new records cumulative or duplicative as plaintiff was not exposed to such testing or evaluated for the ongoing effects of his closed head injury prior to the date of the ALJ's decision, and there would be no reason for this Court to presume that though they were not documented until later such effects were not present during the relevant time period before the ALJ.

Further, these records are certainly material as there is a reasonable possibility that the ALJ's decision would have been different had records of this nature been available to him. The medical records submitted document both the prior closed head injury and ongoing effects from that injury. Finally, plaintiff's lack of insurance establishes good cause for not having had these records to present to the ALJ in the first instance. After gaining access to insurance coverage, plaintiff sought treatment from specialists and the Court cannot penalize plaintiff for failing to earlier seek specialized treatment that he could not afford. *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir.

3

1986).

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion to remand [DE 42] is GRANTED and this matter is REMANDED to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) to consider whether the new and material evidence might change the outcome of the prior proceeding. Following remand, the Commissioner must return to this Court to file any additional or modified findings and a transcript of the additional record upon which the modification or affirmance of the prior decision is based. 42 U.S.C. § 405(g).

SO ORDERED, this __22__ day of February, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4