IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-664-BO

| | |
|---|---|
| DOUGLAS CARTER WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's motion for attorney's fees pursuant to 28 U.S.C. §2412(d), the Equal Access to Justice Act ("EAJA") [DE 61]. For the reasons discussed below, plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Following a remand by this Court, plaintiff received a fully favorable decision from the Administrative Law Judge ("ALJ") in this case on February 18, 2014. [DE 56-2]. This Court issued its final order adopting this decision on May 19, 2014. [DE 57]. Plaintiff has now filed an EAJA fees application and requests $18,636.79 in fees and an additional $2,411.04 in costs and expenses. [DE 61-2]. Defendant does not dispute that plaintiff was the prevailing party, that defendant's position in the underlying litigation was unjustified, or that plaintiff is procedurally eligible for EAJA fees. However, it is defendant's position that the number of hours requested by plaintiff is excessive and warrants reduction. [DE 67 at 1].

## DISCUSSION

The EAJA provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was substantially justified in its litigation position. 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the act, the claimant must show that he is (i) the prevailing party; (ii) that the government's position was not substantially justified; (iii) that no special circumstances make an award unjust; and (iv) that the fee application was submitted to the Court within thirty days of final judgment and was supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). Because defendant does not dispute that plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the Court finds that plaintiff has met them.

"Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Harlan v. Colvin*, 2014 WL 1632931, *2 (W.D.N.C. April 23, 2014) (citing *Hyatt v. Barnhard*, 315 F.3d 239, 253 (4th Cir. 2002)). As a prevailing party, plaintiff "bears the burden of establishing that the number of hours for which she seeks reimbursement is reasonable and does not include any claim for hours which are excessive, redundant, or otherwise unnecessary." *Dixon v. Astrue*, 2008 WL 360989, *3 (E.D.N.C. Feb. 8, 2008). "The district court has substantial discretion in fixing the amount of an EAJA award . . . but is charged with the duty to ensure that the final award is reasonable." *Id.* (citing *Hyatt v. N.C. Dept. of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002); *Comm'r v. Jean*, 496 U.S. 154, 163 (1990) (internal quotations omitted)).

2

The court finds that plaintiff's EAJA fee request of over $21,000 is excessive. While plaintiff's counsel eventually won a fully favorable decision for plaintiff, an award for 103.7 attorney hours expended on the case is simply too much for an EAJA award. The Court finds that such an award would exceed the typical range of compensated hours in this field and finds that the novelty and complexity of this case is not enough to justify such an award. *See Miles v. Colvin*, 2014 WL 1309293, *1 (E.D.N.C. July 24, 2014); *Dixon*, 2008 WL 360989, *4; *Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C. 1986). Further, the Court notes that much of the time spent pursuing the fully favorable decision was misdirected and did not contribute to the final successful outcome for plaintiff. The Court finds that an EAJA award of $10,000 is a reasonable amount for this case and awards a $10,000 fee as such.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for attorney's fees under the EAJA is GRANTED IN PART and DENIED IN PART. The Court AWARDS fee of $10,000 in this case. It is ORDERED that the Commissioner of Social Security pay $10,000 in attorney's fees and costs in full satisfaction of any claim for fees, costs, and other expenses pursuant to the EAJA.

SO ORDERED.

This 4 day of November, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3